UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| RANDY HARRIS<br>     BOP #23373-077<br>VS. | CIVIL ACTION NO. 2:11-cv-1486<br><br>SECTION P<br><br>JUDGE MINALDI |
| BUREAU OF PRISONS, ET AL | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint[1] filed in *forma pauperis* by plaintiff Randy Harris. Plaintiff filed his original complaint on June 16, 2011. The matter was transferred to this court from the Northern District of Texas on August 16, 2011. At the time of the transfer, plaintiff was an inmate in the custody of the Federal Bureau of Prisons (BOP) and was incarcerated at the Federal Correctional Center, Oakdale (FCIO), Louisiana. However, on January 18, 2012, plaintiff informed the court that he had been released from custody. Doc. 13.

Plaintiff complains of events that occurred when he was incarcerated at the FCIO. He names the following as defendants herein: FCIO Warden J.P. Young; FCIO Correctional Officer Elijah Joseph; FCIO Associate Wardens Marna Boyle and Carlton; FCIO Captains Gregory Kizziah and Benjamin Valle; Union Representative Chenevalt; and, Security Investigative Services (SIS).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

[1] Althought plaintiff filed this civil rights action pursuant to 42 U.S.C.§1983, this matter properly arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983. It is assumed that all of the defendants are agents or employees of the federal government.

## STATEMENT OF THE CASE

Plaintiff states that from April 2011 until he filed this suit, defendant Joseph subjected him to racial slurs, threats, profanity, and retaliation. Doc. 10, Att. 1, p. 6. He also states that officer Joseph told inmates at FCIO that plaintiff was a dirty ex-cop and a snitch (Doc. 10, Att. 1, p. 1), and that Joseph allowed another inmate to review his presentence report. (Doc. 10, Att. 1, p. 4). Plaintiff contends that defendants Young and SIS failed in their responsibility to protect him due to their inability to curtail the actions of defendant Joseph.

Plaintiff complains that these actions constitute a breach of institutional security/confidentially and violate various program statements and manuals. (Doc. 10, Att. 1, pp. 4-5). As a result of the above, plaintiff claims that he feared for his life and safety, and suffered psychological duress, increased blood pressure, weight loss, and insomnia. (Doc. 10, Att. 1, p. 5). As relief, plaintiff asks for a complete investigation into defendant Joseph's actions and that authorities stop defendant Joseph from ever again committing the referenced acts. (Doc. 10, Att. 1, p. 5).

## LAW AND ANALYSIS

### 1. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in

support of his claim that would entitle him to relief.  *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose.  Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

 **2.  Failure to Protect**

Plaintiff alleges that defendants failed to protect him from harm, specifically from threats and harassment by correctional officer Joseph.

Plaintiff was a convicted inmate at the time of the events on which he bases his claims, so that the Eighth Amendment standard applies.  Under the Eighth Amendment, prison officials have a duty to protect inmates from harm and to take reasonable measures to protect their safety.  *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir.1996).  However, prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm.  *Farmer*, 511 U.S. at 834.  Only deliberate indifference, "an unnecessary and wanton infliction of pain" or acts "repugnant to the conscience of mankind," constitutes conduct proscribed by the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S.Ct. 285, 50

L.Ed.2d 251 (1976); accord *Gregg v. Georgia*, 428 U.S. 153, 182-83, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).

In this case, plaintiff's own complaint establishes that defendants were not deliberately indifferent to a serious risk of harm under the federal constitutional standard because he confirms that no serious harm befell him.  He was not personally attacked, beaten or physically harmed in any way.  He conceded that the "harm" he experienced consisted of verbal threats and harassment.  For the reasons discussed below, these allegations do not constitute constitutional violations.  Plaintiff's fear of physical harm (which he claims caused an increase in blood pressure, weight loss, and insomnia) does not state a sustainable cause of action.  Plaintiff also states that he placed himself in protective custody (Doc. 10, Att. 1, p. 1), thus further removing himself from any harm.  Accordingly, plaintiff's claim for failure to protect from harm must be dismissed.

### 3.  Verbal Abuse

Plaintiff complains that defendant Joseph verbally threatened and harassed him.  To the extent that plaintiff claims that this represents abuse or harassment, such fails to raise a federal constitutional claim.  A plaintiff can successfully invoke § 1983 only when his federal statutory or constitutional rights have been violated.  The Fifth Circuit has held that verbal abuse, harassment or name-calling by a prison guard does not amount to an Eighth Amendment violation.  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993)).  The "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir.1995). "Claims of hurt feelings, humiliation, and other heartfelt, yet objectively trivial indignities, are not of Constitutional moment …" *Jackson v. Liberty*

*County*, 860 F.Supp. 360, 363 (E.D.Tex.1994).  In this case, plaintiff's allegations of verbal abuse and threats do not rise to the level of a constitutional violation, and these allegations fail to state a claim upon which relief can be granted.

### 4.  Retaliation

Plaintiff states that he was the victim of retaliation because defendant Joseph used "threats and retaliation to place inmates in SHU if Grievant signed statements against him …" (Doc. 10, Att. 1, p. 5).

It is well established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution.  *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.1995), *cert. denied sub nom Palermo v. Woods*, 516 U.S. 1084 (1996)).  However, as the Fifth Circuit has repeatedly emphasized, claims of retaliation from prison inmates must be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions.  *Woods*, 60 F.3d at 1166.  To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation.  Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997) (quoting *Woods, Id.*); *McDonald v. Steward*, 132 F.3d 225 (5th Cir. 1998).  "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999).  "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'"  *Id.* (quoting *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995).

While courts have long recognized that being labeled a "snitch" in the prison environment can indeed pose a threat to an inmate's health and safety in violation of the Eighth Amendment (*U.S. v. Henderson*, 565 F.2d 900, 905 (5th Cir.1978)), plaintiff herein fails to offer anything more than conclusory allegations in support of this claim. As previously stated, conclusory allegations of retaliatory motive or intent are not sufficient to evidence a pattern of retaliation or motive for same. In the present case, plaintiff's allegations of retaliation are insufficient to state a claim under this cause of action. For this reason, plaintiff's claim for retaliation should fail.

### 5. Policy Violations

Plaintiff also claims that defendants' actions violated various prison policies. However, an assertion that prison officials failed to follow departmental regulations is not actionable under Section 1983. As stated by the fifth circuit, "[o]ur case law is clear ... that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996).

### 6. Investigation

Plaintiff requested that this court investigate this matter specifically and defendant Joseph's behavior in general. The undersigned notes that such relief is not available through this complaint. Such actions are within the province of the police department and district attorney's office of the parish where any alleged violations took place. The court's duty is to review the plaintiff's compliant for alleged violations of his constitutional rights. Thus, plaintiff has failed to state a claim for which relief may be granted.

### *CONCLUSION*

For reasons set forth above,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C.1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 23rd day of April, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE